# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 10-51207
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO AVILA-MAZURCA, Roberto Abana

Defendant-Appellant

Cons w/ 10-51220

----------------------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO AVILA-MAZURCA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-149-1
USDC No. 3:10-CR-2566-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

No. 10-51207
c/w No. 10-51220

PER CURIAM:[*]

Roberto Avila-Mazurca pleaded guilty to one count of illegal reentry. Over Avila-Mazurca's objections and detailed arguments for a sentence below the guidelines range of 77 to 96 months, the district court sentenced him to a term of 96 months in prison. The court also revoked a term of supervised release and imposed a consecutive 24-month sentence, within the range of 21 to 24 months. Avila-Mazurca appeals, arguing that the sentences were unreasonable. We affirm.

Avila-Mazurca's sentence of 96 months is entitled to a presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). As Avila-Mazurca concedes, his argument that the presumption does not apply because § 2L1.2 of the Sentencing Guidelines is not based on the Sentencing Commission's usual empirical methodology is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Avila-Mazurca argues, as he did in the district court, that he fled Honduras to escape violence at the hands of militia members. The district court considered that argument and provided considered reasons for rejecting it, including Avila-Mazurca's extensive criminal history. The court was in a superior position to make such a determination. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Avila-Mazurca's related contention that illegal reentry–a felony for which Congress has provided significant penalties–is merely a trespassory offense likewise does not render the sentence unreasonable. *See United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51207
c/w No. 10-51220

Next, Avila-Mazurca asserts that the lack of a fast-track program in the Western District of Texas results in an unwarranted sentencing disparity. As he concedes, this argument is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

Avila-Mazurca also contends that, in light of *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), the sentence is unreasonable because § 2L1.2 purportedly is not the product of the Sentencing Commission's usual empirical approach. To the extent that *Kimbrough* gives courts discretion to deviate from the Guidelines based on such considerations, it does not require that they do so. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). We also reject his contention that the age of the prior conviction used to enhance his offense level pursuant to § 2L1.2 of the Sentencing Guidelines rendered his sentence unreasonable. *See United States v. Rodriguez*, _ F.3d _, 2011 WL 4640871, at *3 (5th Cir. Oct. 7, 2011). In short, Avila-Mazurca has failed to overcome the presumption that his within-guidelines sentence was reasonable. *See Cooks*, 589 F.3d at 186.

Avila-Mazurca next argues that the 24-month consecutive revocation sentence rendered his punishment excessive. The Guidelines express a preference for consecutive sentencing in this context, U.S.S.G. § 7b1.3(f), and we have previously affirmed consecutive revocation sentences, *see United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008) (citing cases). Thus, Avila-Mazurca has failed to show that the consecutive revocation sentence was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 2011 WL 2148772 (Oct. 31, 2011) (No. 10-10784).

AFFIRMED.